UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MACFADDEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-91 |
| | § | |
| GMAC MORTGAGE, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is GMAC Mortgage, LLC's Motion for Judgment on the Pleadings (D.E. 9). For the reasons set out below, the Motion is GRANTED.

**JURISDICTION**

On January 22, 2013, Plaintiff, Robert MacFadden (MacFadden), *pro se*, filed this action against GMAC Mortgage, LLC (GMAC) in the County Court at Law No. 1 of Nueces County, Texas in the form of a "Petition for Statement of Satisfaction of Deed of Trust, Release of Lien and Reconveyance of Real Property." D.E. 1-2, p. 5. GMAC contends that it had not yet been properly served at the time that it removed this case on March 29, 2013 and that the removal was thus timely because 30 days had not passed since service under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day time period for removal does not begin to run until the defendant is served).

A domestic or foreign limited liability company is required to maintain a registered agent for service of process in this state. TEX. BUS. ORG. CODE § 5.201. As a

matter of law, each member of a limited liability company is an agent for service of process. TEX. BUS. ORG. CODE § 5.255(3). The Texas Secretary of State is the entity that serves as agent for service of process if an entity fails to designate a registered agent within the state. TEX. BUS. ORG. CODE § 5.251. Three potential methods of service are thus presented: (1) service on a registered agent; (2) service on a member of the limited liability company; or (3) long-arm service through the Secretary of State of Texas. TEX. CIV. PRAC. & REM. CODE § 17.044. See TEX. R. CIV. P. 106, 108.

MacFadden has not alleged the citizenship of GMAC, but did request service on GMAC, without designating a particular person or official status, at an Iowa post office box address as reflected in the "Citation for Personal Service NON-RESIDENT." D.E. 7-2, pp. 7-8. Service was attempted through the court clerk by United States Mail, certified, return receipt requested and was signed-for on January 29, 2013 by an individual whose authority is undetermined. D.E. 7-2, pp. 7, 10. As far as the record reflects, this service of process was not completed according to the law of Texas because the record does not show and MacFadden has not contended that it was effectuated on a registered agent, member of the limited liability company, or through the Texas Secretary of State. That attempt at service was not sufficient to start the 30-day deadline for removal. *Murphy Bros.*, *supra*.

Service was attempted a second time. Again service was requested through the court clerk by United States Mail, certified and restricted delivery to Charles R. Hoecker, listed as a "certified agent" of GMAC at an Iowa street address. D.E. 7-2, p. 11. This attempt was signed-for by Cheryl A. Hoecker, not Charles R. Hoecker, on March 12,

2013. D.E. 7-3, p. 1. The Court need not determine whether this attempt at service was valid because, assuming it was, GMAC's resulting voluntary appearance and this removal 17 days later was timely. D.E. 1, 3; 28 U.S.C. § 1446(b)(1).

GMAC claims both federal question and diversity jurisdiction. D.E. 1, 7. MacFadden has alleged that he lawfully paid his indebtedness to GMAC and seeks a release of lien. After demanding a refund of monthly mortgage payments, his petition states,

> else Petitioner will file suit against Respondent for theft and fraud against the people for failure to discharge the debt according to Federal Regulations (FDCRA CFR 15 USC 1692, 17 USC 240.15c1-2, 31 CFR 103.35), punishable under 18 USC 1983-1988 and other pertinent laws, for continuing to demand monthly payments since 12 July 2012.

D.E. 7-2, p. 6. Thus this Court has federal question jurisdiction. 28 U.S.C. § 1331.[1]

## STANDARD OF REVIEW

GMAC seeks judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), which states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." This case has just been filed. The initial pretrial conference is several weeks in the future and no scheduling order has been entered. The pleadings are not closed. However, the standard of review applied to a motion filed under Rule 12(c) is the same as the standard used under Rule 12(b)(6) for failure to state a claim and this Court may evaluate the motion under Rule 12(b)(6) at this early stage

[1] GMAC claims diversity jurisdiction based upon MacFadden being a citizen of the State of Texas, GMAC being a citizen of Delaware and Michigan, and the amount in controversy exceeding $75,000, and in fact exceeding $200,000. D.E. 7, pp. 4-5. The Court need not reach the question of diversity jurisdiction as federal question jurisdiction is a sufficient basis on which to proceed.

pursuant to that rule's requirement that it be filed early in the case. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (the same standard of review applies to both rules: whether the pleading states a valid claim for relief).

A motion for judgment on the pleadings under Rule 12(c) should be granted only "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*per curiam*)). To survive a motion for failure to state a claim, a complaint "must contain . . . a short and plain statement . . . showing that the pleader is entitled to the relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

When reviewing either a 12(b)(6) motion or a motion under 12(c), the complaint should be read in the light most favorable to the nonmoving party, and all factual allegations in the complaint must be taken as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (reviewing a 12(b)(6) motion); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (reviewing a 12(c) motion). However, the Court is not required to accept conclusory legal allegations cast in the form of factual allegations if they cannot be reasonably drawn from the facts alleged. *Twombly*, *supra* at 555.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570: *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008) (quoting *Twombly, 550 U.S. at 570*). A complaint " 'must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. However, a "complaint must allege more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court may include in its analysis all documents that are referenced in the complaint and which are integral to the plaintiff's claims. *Scanlan v. Texas A&M University*, 343 F.3d 533 (5th Cir. 2003). In this case, the Court may consider documents of public record filed by Plaintiff and purporting to affect the transaction at issue, which were listed and identified in his complaint. D.E. 1-2, p. 5.

Under a "failure to state a claim upon which relief can be granted" analysis, even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the

> allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

## DISCUSSION

### A. MacFadden's Theory

MacFadden does not dispute the validity of his initial transaction whereby he borrowed money from USAA Federal Savings Bank and granted to that lender a lien on real estate to secure payment of that indebtedness. D.E. 9-1, pp. 2-28, 33. It is unclear whether he disputes GMAC's role as mortgage servicer and its general capacity to enforce the note and deed of trust. D.E. 9-1, p. 33 (recognizing GMAC as the mortgage servicer); p. 48 (requesting GMAC provide a "proof of claim" regarding its capacity); p. 60 (acknowledging that GMAC's role is to apply authorized payments). MacFadden claims that he extinguished the debt by making an Electronic Funds Transfer (EFT). He transmitted to GMAC a "check" drawn on an account owned by Stacy Hawkins in the amount of $218,352.00, marked on the front in the memo line, "EFT ONLY FOR DISCHARGE OF DEBT" and indorsed on the back "NOT FOR DEPOSIT EFT ONLY FOR DISCHARGE OF DEBT /s/ Stacy Hawkins AUTHORIZED REPRESENTATIVE WITHOUT RECOURSE." D.E. 9-1, p. 42.

MacFadden believes that the instrument was accepted by GMAC to discharge the debt. D.E. 9-1, p. 38. He claims that GMAC's failure to return the EFT "one-way wire transfer instrument" pursuant to the Uniform Commercial Code and related, but unspecified, federal law effectively discharged the debt. D.E. 9-1, p. 53. He cites to

"Blacks Law 6th-closed account" for the proposition that GMAC's silence in response to the alleged EFT is acquiescence that it discharged the debt. D.E. 9-1, p. 53.

MacFadden indicates that the EFT was a negotiable instrument—a "check" under UCC 3-104(f) and a "payment order" under UCC 4A-103—which triggered Federal Reserve Regulations as cited in UCC 4-103 and 4-104(a)(10). Those regulations required GMAC to either return the instrument, citing a specific defect or apply it to the debt by the midnight deadline. D.E. 9-1, p. 60. His argument is that GMAC failed to properly handle the EFT and, pursuant to UCC 4A-209 and 4A-406, the obligation was satisfied. *Id*. MacFadden further alleges that GMAC engaged in "theft and fraud" and perpetrated a civil rights violation under 42 U.S.C. § 1983 because it did not apply the amount of the EFT to the debt. D.E. 9-1, p. 60.

**B. The Alleged Tender Does Not Support Any Cause of Action; Complaints of Theft and Fraud are Baseless.**

Central to MacFadden's theories is the argument that the alleged EFT was a tender of payment that discharged the indebtedness secured by his realty. If that argument is not viable on its face, then he has failed to state a claim with respect to any theory dependent upon the alleged EFT. GMAC states that MacFadden is engaging in a debt-elimination scheme that is "popping up throughout the country" and involves drawing a check on a closed bank account and marking it as an EFT, not for deposit. D.E. 9, pp. 4-5. Because the pending motion is not a summary judgment motion, no evidence is offered to establish that the bank account was closed and no such evidence can be considered. However, the Court can evaluate whether, as shown by the pleadings and incorporated

documents, the check, as marked, could trigger banking deadlines and constitute payment of the debt.

One court has described this situation as follows:

> The "check" submitted and referred to by Mr. Holt is in the amount of $225,000.00, from Mr. Holt's account at TCF Bank, and dated April 15, 2012. It was allegedly mailed to U.S. Bank on April 16, 2012 in order to pay off Ms. Koch's mortgage. On April 21, 2012, Mr. Holt received a letter from Trott & Trott, refusing the check as being insufficient funds to pay off the mortgage. The check was rejected by Trott & Trott as an effort to redeem the property because it was marked on the front: "EFT ONLY FOR DISCHARGE OF DEBT" and on the back: "NOT FOR DEPOSIT / EFT ONLY / FOR DISCHARGE OF DEBT." ***The payee, U.S. Bank, could not have cashed the check because of the markings on it, and an electronic funds transfer can only be initiated by the payor, not by the recipient.*** Since the monetary instrument was returned to Mr. Holt, and he attached said returned instrument to his Affidavit, plaintiff had knowledge that it had been returned. There was no valid tender of payment in this case, since the check was marked up, including the words "NOT FOR DEPOSIT" and it did not suffice as an electronic funds transfer. Therefore, there was no actual payment by the plaintiff in this case, toward the discharge of the mortgage debt, to support her claims in Count 10, violations of Truth in Lending Act, Federal Reserve Board Regulation Z, and National Currency Act of 1863.

*Koch v. Home Network Mortg., LLC*, 2013 WL 392902, *2-3 (E.D. Mich. 2013) (emphasis added). That court held that the alleged EFT was neither a check nor an EFT and was thus incapable of paying the debt.

This Court agrees. While MacFadden's pleading claims that the alleged EFT was a "check" under the definition of UCC § 3-104(f), it was not a negotiable instrument under that section, which states the following:

> (a) Except as provided in Subsections (c) and (d), "negotiable instrument" means an ***unconditional*** promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> > (1) ***is payable to bearer or to order at the time it is issued or first comes into possession of a holder***;
> >
> > (2) is payable on demand or at a definite time; and
> >
> > (3) ***does not state any other undertaking or instruction*** by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
> >
> > > (A) an undertaking or power to give, maintain, or protect collateral to secure payment;
> > >
> > > (B) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
> > >
> > > (C) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

TEX. BUS. & COMM. CODE (UCC) § 3.104 (emphasis added). A "check" is defined as a "draft," which is an order payable on demand. *Id*., § 3.104(e), (f). MacFadden's "check" was conditional and was not payable at the time issued and it bore an instruction that it was not for deposit. It was ostensibly created to initiate an entirely different method of payment by electronic funds transfer. It thus was not an order to pay and was not a negotiable instrument as a "check" and could not have discharged the debt in that form.

Neither was it an electronic funds transfer that triggered a discharge of indebtedness by default against a deadline. By definition, a funds transfer is a series of transactions among senders, beneficiaries, and their respective banks and intermediary

banks. *Id.*, § 4A.104(1). Such a transfer begins with a "payment order." *Id.*, § 4A.104(1). A "payment order" is an instruction by a sender to a "receiving bank" to pay or cause another bank to pay an amount of money to a beneficiary. *Id.*, § 4A.103(a)(1), (4). Neither MacFadden nor Stacy Hawkins gave a "payment order" to a "receiving bank." Instead, they issued their directive to GMAC.

Additionally, the default acceptance provisions never kick in because no bank "accepted" any payment order. "A receiving bank other than the beneficiary's bank accepts a payment order when it executes the order." *Id.*, § 4A.209(a). There is no deadline for rejection of a payment order if it is not accepted and transmitted to another bank. *Id.*, § 4A.210. MacFadden admits that the instruction to initiate an electronic funds transfer was rejected. D.E. 1-6, pp. 10, 16. Consequently, nothing in the UCC imposes any liability on GMAC. UCC § 4A.212 (imposing liability upon acceptance only if acceptance occurs pursuant to § 4A.209).

The item tendered by MacFadden to pay the balance of his mortgage was thus ineffective to accomplish his purpose. MacFadden has not paid the debt in full and he has failed to state a claim upon which relief can be granted in that nothing in his complaint or his "affidavits" supports a theory by which GMAC would be liable to release the lien on MacFadden's property or convey the property to him. Neither does it support a claim that GMAC has stolen or converted his money or property. Taking his factual allegations as true, MacFadden's theories of theft and fraud are legally insufficient.

**C. MacFadden Has Failed to State a Claim for a Civil Rights Violation**

In his complaint, MacFadden suggests that GMAC's conduct is "punishable under 18 USC 1983-1988." D.E. 1-2, p. 6. This appears to be a mistake as there are no such statutory provisions. Construing this allegation in favor of MacFadden, the Court finds it should read "42 U.S.C. §§ 1983-1988," consistent with his letter "affidavit" directed to GMAC. D.E. 1-6, p. 32.

The provisions of 42 U.S.C. §§ 1983-1988 address the violation of civil rights. None of these provisions apply to the facts alleged by MacFadden. First, to be actionable under 42 U.S.C. § 1983, the violation of civil rights must be done "under color of law." Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach " 'merely private conduct, no matter how discriminatory or wrongful.' " *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). The only conduct complained of in this action is that of GMAC, acting as a private business. Thus there is no § 1983 claim.

There is no provision under 42 U.S.C. § 1984. The conduct actionable under 42 U.S.C. §§ 1985 and 1986 has to do with preventing governmental officers from performing their official duties, obstructing justice, and conspiring to prevent citizens from exercising their civil rights or neglecting to act to prevent others from doing so. Nothing in MacFadden's pleading or "affidavits" involves conduct proscribed by these sections. Section 1987 addresses prosecutorial powers and is not applicable.

Under § 1988, the Court is granted jurisdiction and the power to award attorney's fees for violations of other provisions of law. Again, nothing in that section applies here. MacFadden has failed to state a claim regarding the violation of civil rights statutes.

**D. MacFadden's Fraud Claim Fails**

As demonstrated above, MacFadden's facts, evaluated under ordinary standards, do not describe actionable conduct. GMAC is entitled to judgment on MacFadden's fraud claim for the additional reason that the complaint and supporting "affidavits" do not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

According to the Fifth Circuit:

> The elements of fraud include: 1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the plaintiff relied; and 5) which proximately caused the plaintiff's injury. *Cyrak v. Lemon*, 919 F.2d 320 (5th Cir. 1990). Pleading fraud with particularity in this circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Communications Corp*., 14 F.3d 1061, 1068 (5th Cir. 1994); *see also Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994); *Shushany v. Allwaste*, 992 F.2d 517, 520 (5th Cir. 1993).

*Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). MacFadden's complaint is fatally cryptic and affording him an opportunity to amend would be futile, as discussed below.

**E. MacFadden's Claims For Violation of Federal Regulations Fail**

The only federal statutory reference that MacFadden employs with any relevance is "15 USC 1692," which invokes the Federal Debt Collection Practices Act. Setting aside for the moment MacFadden's failure to make particularized allegations, the Court observes that this Act is designed to address abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692(a). As set out above, the Court does not discern any factual allegation that would support a finding that GMAC acted in a manner that was abusive, deceptive, or unfair. More importantly, GMAC has demonstrated that it is not subject to the act under the terms of 15 U.S.C. § 1692a(6) because it is a creditor or loan servicer exempt from the definition of "debt collector," and MacFadden has not controverted that showing.

MacFadden references "17 USC 240.15c1-2" in his complaint. Title 17 of the United States Code addresses copyright law. MacFadden clearly could not have intended to cite to anything in that title. If construed as 17 C.F.R. § 240.15cl-2, the issue is how fraud and misrepresentation are defined for violations of the securities laws. While MacFadden might have been drawn to the fraud definition, that provision has no application to the facts of this case and will not be further addressed.

Likewise, "31 CFR 103.35," as stated in the complaint, is not a valid reference. Section 103.35 is "reserved." It appears that it formerly required brokers and dealers in securities to maintain certain records. *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 34, n.7, 94 S.Ct. 1494, 1504 (1974). Under the United States Code, there is no such reference. The closest thing would be 31 C.F.R. § 103, which defines the "United States"

for purposes of the regulation of money and finance. Again, MacFadden has failed to state a valid basis for a claim against GMAC pertaining to federal statutes and regulations.

**F. MacFadden is Not Entitled to an Action for a Statement of Satisfaction.**

As indicated in his complaint, MacFadden seeks a "statement of satisfaction of deed of trust," citing TEX. PROP. CODE § 12.017. That statute allows a title company to supply an affidavit reflecting the release of a lien in the county real property records. The statute does not apply because GMAC is not a title company, the provision is permissive rather than mandatory, and MacFadden's factual recitations indicate that he is not entitled to a release of lien in any event. To the extent that this claim may be construed as a request for an accounting, MacFadden has failed to plead appropriate facts and law to entitle him to an accounting and the claim fails for lack of specificity under *Twombly* and *Iqbal*. Additionally, it is clear that GMAC rejected the instrument and thus there was no credit to MacFadden's account.

**G. MacFadden Has Defaulted.**

Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge 21 days from filing. GMAC's Motion (D.E. 9) was filed on May 2, 2013 and its submission date was May 23, 2013. Respondent has not filed a response to the Motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. The Court finds that Respondents' default demonstrates a failure to prosecute his claims subject to the Motion. This is an additional ground for the Court's disposition of the Motion.

**H. No Reason to Grant Leave to Amend.**

The Court denies MacFadden an opportunity to amend his claims. First, by failing to respond to the Motion, he has not requested such relief. Second, the Court finds that, based upon the factual context of this case and the Court's other rulings, any amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963)).

**CONCLUSION**

For the reasons set out above, the Court GRANTS GMAC's Motion for Judgment on the Pleadings as a motion to dismiss for failure to state a claim. This action is DISMISSED with prejudice.

ORDERED this 3rd day of June, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE